UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-24520-CIV-LENARD/ELFENBEIN

**REINALDO FERNANDEZ QUINTERO,**

    Plaintiff,

**v.**

**EDENS REALTY, INC.,**

    Defendant.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Defendant Eden Realty, Inc.'s Motion to Dismiss Counts IV, V, VI, and VII of Plaintiff's Amended Complaint ("Motion," D.E. 18), filed December 20, 2024. Plaintiff Reinaldo Fernandez Quintero filed a Response on January 3, 2025, ("Response," D.E. 20) to which Defendant filed a Reply on January 10, 2025, ("Reply," D.E. 21). Upon review of the Motion, Response, Reply, and the record, the Court finds as follows.

**I.**    **Background[1]**

The Amended Complaint is not a model of clarity. The Court struggles to follow Plaintiff's narrative and grasp the underlying facts. For this reason, Plaintiff will be granted

---

[1] The following facts are gleaned from Plaintiff's Amended Complaint ("Amended Complaint," D.E. 9) and are deemed to be true for purposes of ruling on Defendant's Motion.

one opportunity to file a Second Amended Complaint that remedies the pleading deficiencies identified herein.

From what the Court can gather, this action involves employment discrimination claims under state and federal law based on Plaintiff's age, race, and national origin as well as wage and hour violations under the Fair Labor Standards Act ("FLSA"). "Plaintiff was employed by Defendant as a Building Engineer and was subject to discrimination from on or about December 2020 to March 17, 2021." (Am. Compl. ¶ 12). Plaintiff's exact dates of employment are not provided, and it is also unclear whether he was terminated, resigned, or otherwise from his position.

In brief, Plaintiff alleges that he was scapegoated for the poor condition of one of Defendant's buildings on Miami Beach. Plaintiff was singlehandedly charged with the impossible task of painting the entire seven-floor building. (*Id.* ¶ 38). Despite his efforts, Plaintiff was unable to complete the job in the time allotted. (*Id.* ¶¶ 36–38). This impossible task created a hostile work environment and required Plaintiff to labor more than 40 hours per work without overtime pay. (*Id.* ¶¶ 38–39). Plaintiff alleges he was singled out by Defendant for the task and discriminated against because of his national origin, race, and age. Specifically, Plaintiff alleges his national origin is Cuban, his race is Hispanic, and he is "around 60 years old." (*Id.* ¶¶ 13, 49, 62). Plaintiff further alleges that his supervisor is a "White Caucasian American" and he is "the only Hispanic at his job." (*Id.* ¶¶ 14–15).

On December 6, 2024, Plaintiff filed the operative Amended Complaint[2] in this Court alleging the following counts:

- Count I: Discrimination Based on National Origin in Violation of the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et. seq.* ("FCRA"), (*id.* ¶¶ 44–58);

- Count II: Race Discrimination in Violation Of 42 U.S.C. § 1981, (*id.* ¶¶ 59–70);

- Count III: Discrimination based on Race and Color in Violation of the FCRA, (*id.* ¶¶ 71–76);

- Count IV: Hostile Work Environment in Violation of the FCRA, (*id.* ¶¶ 151–162);[3]

- Count V: Constructive Discharge in Violation of the FCRA, (*id.* ¶¶ 163–174);

- Count VI: Wage & Hour Federal Statutory Violation under the FLSA, (*id.* ¶¶ 77–87);[4]

- Count VI: Discrimination Based on Age in Violation of the FCRA, (*id.* ¶¶ 88–99).[5]

In its Motion, Defendant argues that Counts IV and V should be dismissed because Plaintiff filed to exhaust administrative remedies, that Count VI is time-barred, and Count

---

[2] The initial Complaint was filed in state court and Defendant filed a timely Notice of Removal (D.E. 1) on November 15, 2024.

[3] The Amended Complaint jumps from paragraph 76 on page 12 to paragraph 151 on page 13. Plaintiff must fix the numbering on replead. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

[4] Again, Plaintiff must fix the numbering on replead.

[5] Count VI is alleged twice. This mistake, too, must be fixed on replead.

VII[6] fails to state a claim for relief. (Mot. at 3–7). In his Response, Plaintiff asserts that his Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination form[7] provided sufficient notice of his hostile work environment and constructive discharge claims in Counts IV and V. (Resp. at 3). Plaintiff further argues that his FLSA claim (Count VI) is subject to equitable tolling and that he has plausibly alleged a claim of age discrimination (Count VII) based on his allegation that he "is around 60 years old and his supervisor is about 40 years old." (*Id.* at 7–14; Am. Compl. ¶ 13).

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to

---

[6] Defendant notes that "[t]he seventh count of the Amended Complaint is incorrectly numbered 'VI.' For purposes of clarity, plaintiff's age discrimination claim is referred to herein as Count VII." (Mot. at 1 n. 1). In this Order, the Court will likewise refer to Plaintiff's age discrimination claim as Count VII.

[7] Plaintiff's form is attached to Defendant's Motion. ("EEOC Charge," D.E. 18-1).

relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2 (2012). The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

In addressing a Rule 12(b)(6) motion, the court considers the allegations of the complaint, exhibits attached or incorporated by reference, and exhibits attached to the motion to dismiss if they are central to the plaintiff's claim and are undisputed. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 295 F.R.D. 540, 546 n.4 (S.D. Fla. 2013) (Cohn, J.).

### III. Discussion

#### a. Scriveners Errors and Unintelligible Factual Allegations

First, as discussed, the Amended Complaint is plagued by several scrivener's errors. Plaintiff shall be granted one opportunity to file a Second Amended Complaint that fixes these mistakes by correctly numbering the counts and paragraphs.

Second, Plaintiff must make several clarifications and corrections to his Factual Allegations:

- Plaintiff introduces his "supervisor, Mr. Chamber" in paragraph 14 of his Amended Complaint. Plaintiff later refers to a conversation between "Elias and Josh" without identifying these individuals. (Am. Compl. ¶ 28). The Court is left to piece together from other sections of the pleading that Elias is likely Plaintiff's previous supervisor, Elias Droubi, and Josh is likely his subsequent supervisor, Josh Chamber. The Court shall not be required to make such inferences, nor shall it be forced to scour the pleading to understand the basic facts and key players.[8] On replead, Plaintiff must identify the relevant individuals and entities in the first instance; for example, Plaintiff's supervisor John Doe (hereinafter, "Mr. Doe"). Plaintiff must then refer to these individuals and entities consistently throughout.

- In the introductory paragraphs of the pleading, Plaintiff refers to a "building" that began "to look bad, ugly, and dirty[,]" that he "couldn't continue working on . . .

---

[8] Plaintiff's "factual allegations" must be "well-pleaded." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d at 1290. Of course, if the Court cannot grasp the basic facts, then the allegations are not "well-pleaded."

6

- due to the budget being reduced." (Am. Compl. ¶¶ 16–17). Plaintiff, however, fails to identify this building i.e., who owns the building and its significance to this case. Not until paragraph 36 does Plaintiff identify a seven-floor building that he was tasked with painting by himself. Once again, the Court shall not be required to make inferences or scour the pleading to understand the basic facts. On replead, Plaintiff's factual allegations must be clear and "well-pleaded."

- As discussed, Defendant raises a statute of limitations defense to Plaintiff's FLSA count. But Plaintiff's exact dates of employment are not alleged.[9] It is additionally unclear whether Plaintiff was terminated, resigned, or otherwise from his position. Moreover, rather than alleging his exact age, Plaintiff states that he "is around 60 years old." (*Id.* ¶ 13). On replead, Plaintiff shall clearly allege his dates of employment, terms of separation, and exact age.

b. **Exhaustion of Administrative Remedies**

Defendant argues that Counts IV (Hostile Work Environment in Violation of the FCRA) and V (Constructive Discharge in Violation of the FCRA) should be dismissed because Plaintiff failed to exhaust administrative remedies. (Mot. at 3). Specifically, Defendant argues that Plaintiff's EEOC Form is "based only on race, national origin, and retaliation." (Mot. at 4 (citing EEOC Charge)).[10] Because Plaintiff does not use the terms

---

[9] Plaintiff alleges only that he "was subject to discrimination from on or about December 2020 to March 17, 2021." (*Id.* ¶ 12).

[10] As discussed, the EEOC Charge is attached to Defendant's Motion. Because the EEOC Charge is both central to Plaintiff's claim and undisputed, (*see* Resp. at 3–4), the Court may consider it in addressing the Motion. *See Taylor*, 400 F.3d at 1276.

"harassment" or "hostile work environment" or "detail any facts that would suggest a severe or pervasive work environment" in his EEOC Charge, Defendant asserts the EEOC was not put on notice of these claims. Defendant thus argues that Plaintiff is barred from raising these claims in the instant case. (*Id*.).

Before filing a FCRA or Title VII employment discrimination action, a plaintiff must exhaust all administrative remedies by filing a charge of discrimination with the EEOC or the Florida Commission on Human Relations. Fla. Stat. § 760.11(1). The charge "shall contain a short and plain statement of the facts describing the violation and the relief sought." *Id.* Because of this exhaustion requirement, "a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Georgia Dep't of Hum. Res*., 355 F.3d 1277, 1280 (11th Cir. 2004) (citations omitted). "The facts alleged in the charge matter most for determining what can reasonably be expected to grow out of an EEOC charge; the legal theory the charging party articulates is far less important." *Patterson v. Georgia Pac., LLC*, 38 F.4th 1336, 1345 (11th Cir. 2022) (citations omitted). EEOC charges should not be strictly construed, and courts should be reluctant to allow procedural technicalities to bar claims. *Id.* citing *Gregory*, 355 F.3d at 1280.

Here, Plaintiff's EEOC Charge references him being singled out and charged with the impossible task of painting a seven-floor building by himself. (D.E. 18-1 at 1). Plaintiff states that the task would have taken him "a year or so" but that he was not given sufficient time. (*Id.* at 2). Consequently, Plaintiff claims that he lost his job because he could not complete the impossible task in the time allotted. (*Id.*). The Court finds that these facts

8

provide adequate notice of Plaintiff's hostile work environment and constructive discharge claims. Being assigned an impossible task and losing one's job for failure to complete it meet the test. Plaintiff need not use the terms "hostile work environment" or "constructive discharge."[11] *Patterson*, 38 F.4th at 1345. What matters more is that he provides the facts underlying his claims. *Id.* As such, the Court finds that Plaintiff has exhausted administrative remedies. Defendant's Motion to Dismiss Counts IV and V is thus due to be denied.

### c. Timeliness of FLSA Count

The Court agrees with Defendant that Plaintiff must allege his exact dates of employment for the Court to assess the timeliness of his FLSA count (Count VI).[12] Therefore, Defendant's Motion to Dismiss Count VI is due to be granted. On replead, Plaintiff must allege his exact dates of employment as well as his terms of separation i.e., whether he was terminated, resigned, or otherwise from his position. Plaintiff must also allege any facts supporting equitable tolling of the statute of limitations.[13]

The Court additionally finds that Plaintiff has failed to comply with the Court's Notice of Court Procedure in Actions Brought Under the Fair Labor Standards Act ("FLSA

---

[11] The Court also notes that while there are boxes on the first page of the EEOC Charge for race, national origin, and retaliation there is no option to check off a claim for hostile work environment or constructive discharge.

[12] Defendant contends that "Plaintiff shrewdly does not provide the date for his termination or the dates for which he is claiming overtime[.]" (Reply at 6).

[13] If Plaintiff determines that any of his claims are time-barred and/or lack a sufficient factual basis, then he should omit those count(s) from his Second Amended Complaint.

Notice," D.E. 5) filed November 25, 2024.  The FLSA Notice required Plaintiff to file a "Statement of Claim" and/or an Amended Complaint setting forth:

    a.    An initial estimate of the total amount of alleged unpaid wages;

    b.    A preliminary calculation of such wages;

    c.    The approximate period during which the alleged violations occurred; and

    d.    The nature of the wages (e.g. overtime or straight time).

Plaintiff filed his Amended Complaint following the FLSA Notice, but the pleading provides none of the necessary information.  At most, it alleges that "Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint." (Am. Compl. ¶ 84).  This is insufficient.

Plaintiff shall be granted one final opportunity to file a "Statement of Claim" within **fourteen (14) days** from the date of this Order.[14]  Plaintiff shall serve a copy of the FLSA Notice, the Statement of Claim (or Second Amended Complaint), and copies of <u>all</u> supporting documents (including time sheets, pay stubs, etc.) upon Defendant's counsel at the time of filing.  Failure to do so may result in the dismissal of this action for failure to comply with the Court's Orders.

As specified in the FLSA Notice, Defendant shall thereafter "file a 'Response to Plaintiff's Statement of Claim' setting forth in detail its defenses to Plaintiff's claim(s) and

---

[14] Alternatively, Plaintiff may incorporate the Statement of Claim into the FLSA count in his Second Amended Complaint.  (*See* FLSA Notice at 2 ("Plaintiff is directed to file a 'Statement of Claim' and/or file an Amended Complaint that conforms with these requirements[.]")).

serve copies of all supporting documents within **twenty (20) days** of being served with Plaintiff's Statement of Claim [or Second Amended Complaint]." (FLSA Notice at 2).

### d.     Age Discrimination Count

Because Defendant is being granted leave to amend, the Court declines to consider the merits of Defendant's Motion to Dismiss Count VII for failure to state a claim. On replead, Plaintiff shall be granted one opportunity to amend and add any factual allegations.[15] Defendant's Motion to Dismiss Count VII is thus due to be denied without prejudice.

### IV.    Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss Counts IV, V, VI, and VII of Plaintiff's Amended Complaint (D.E. 18) is **GRANTED in part and DENIED in part** consistent with this Order;

2. The Motion to Dismiss Counts IV and V is **DENIED**;

3. The Motion to Dismiss Count VI is **GRANTED**, and Count VI is **DISMISSED without prejudice**;

4. The Motion to Dismiss Count VII is **DENIED without prejudice**; and

---

[15] In his Response, Plaintiff asserts "he was terminated at age 60, replaced by a substantially younger employee, and subjected to ageist remarks." (Resp. at 7). However, his pleading is devoid of any factual allegations concerning ageist remarks. (*See generally* Am. Compl.). Moreover, as discussed, the circumstances concerning Plaintiff's separation are not adequately alleged. The only fact alleged in support of the age discrimination count is that Plaintiff "is around 60 years old and his supervisor is about 40 years old." (*Id.* ¶ 13).

11

5.  Plaintiff shall have **FOURTEEN DAYS** from the date of this Order within which to file a Second Amended Complaint that remedies the pleading deficiencies identified herein. Failure to do so may result in a dismissal with prejudice.[16]

**DONE AND ORDERED** in Chambers at Miami, Florida this 5th day of February, 2025.

*/s/ Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

---

[16] Plaintiff is further cautioned against assuming he will be granted any additional opportunity to amend.